IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMY DONALD SULLIVAN,

                              Petitioner,                                  OPINION & ORDER

   v.

                                                                         17-cv-107-jdp

LOUIS WILLIAMS, II,

                              Respondent.

---

Pro se petitioner Jimmy Donald Sullivan is a prisoner in the custody of the Federal Bureau of Prisons (BOP) currently housed at the Federal Correctional Institution in Oxford, Wisconsin (FCI-Oxford). Sullivan has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that the BOP has miscalculated his sentence and refused to give him credit for time served in federal custody before he received his sentence.

The petition is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (Courts may apply this rule to habeas petitions not brought pursuant to § 2254, including § 2241 petitions. Rule 1(b), Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243.) Under Rule 4, I will dismiss the petition only if it plainly appears that Sullivan is not entitled to relief. As discussed below, Sullivan is not entitled to the relief he seeks, so I will dismiss the petition.

ALLEGATIONS OF FACT

I draw the following facts from Sullivan's petition. Dkt. 1.

On August 3, 2012, the Salt Lake County Sheriff's Office arrested Sullivan for violating his probation; Sullivan received a state sentence for the violation. On December 19,

2012, Sullivan was removed from state custody to federal custody (via a writ of habeas corpus ad prosequendum), to be arraigned on federal charges. From December 19, 2012, to August 8, 2014, Sullivan was detained—on the writ—at the Weber County Correctional Facility "for his federal offense." *Id.* at 6. On August 8, 2014, the United States District Court for the District of Utah sentenced Sullivan to 72 months of imprisonment for conspiracy to distribute oxycodone.

On August 25, 2014, Sullivan returned to state custody. He received credit towards his state sentence for the time he served in federal custody and was granted parole. So then Sullivan returned to federal custody to serve his federal sentence. It was around then that Sullivan learned that he would not receive credit towards his federal sentence for the time he served at the Weber County Correctional Facility. Sullivan filed a grievance and pursued administrative remedies with the BOP but was denied relief.

On January 26, 2016, Sullivan filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255: he requested that the district court amend its judgment to reflect its intention that Sullivan receive credit for time served pending sentencing. The court granted the petition and amended the judgment, explicitly stating that Sullivan's prison term was "72 months, WITH CREDIT FOR TIME SERVED IN FEDERAL CUSTODY." Dkt. 1-1, at 17.

But, according to Sullivan, the BOP did not "honor" that order or properly calculate Sullivan's credit. And so Sullivan filed this petition.

ANALYSIS

District courts cannot award or calculate credit for time served at sentencing; the Attorney General, via the BOP, computes credit and otherwise administers federal sentences. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). But "[a] § 2241 petition allows [the court] to adjudicate whether the BOP is correctly administering federal sentences that . . . are being served in this circuit." *Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016); *see also Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) ("Requests for sentence credit, or for recalculation of time yet to serve, . . . must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241.").

Here, Sullivan identifies two potential paths to success (i.e., credit for the time he served at the Weber County Correctional Facility between December 19, 2012, and August 25, 2014, towards his federal sentence): either the BOP must count the time served towards his federal sentence because the district court said so, or the BOP should retroactively designate the Weber County Correctional Facility as a place where Sullivan served a portion of his federal sentence. But both paths are dead ends.

First, the BOP cannot double count time served. Sullivan concedes that he received credit for the time he served at the Weber County Correctional Facility *towards his state sentence* and that "[t]he BOP did not give . . . Sullivan credit for this time toward his federal sentence for this amount of time because it was credited towards another sentence." Dkt. 1, at 7. 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."

3

When it denied Sullivan administrative relief, the BOP explained that "this time was already applied towards your Utah state sentence. . . . The time spent in custody while on federal writ from December 19, 2012, through August 25, 2014, was applied to your state sentence and cannot be applied to your federal sentence." Dkt. 1-1, at 12. So Sullivan is not entitled to have the time credited towards his federal sentence, despite the fact that this conclusion appears to be tension with the district court's sentencing statement ("with credit for time served in federal custody"). As discussed, the BOP—not the sentencing court—calculates credit. And § 3585 prohibits the BOP from double counting time served.

Second, Sullivan is not entitled to the retroactive designation he seeks. "Under § 3621, the BOP may designate nunc pro tunc a state prison that once housed an inmate as the place of confinement for the inmate's federal sentence, effectively allowing the state and federal sentences to run concurrently. And the BOP has 'wide discretion' over that designation." *Taylor*, 638 F. App'x at 541 (citations omitted). The BOP did not abuse its discretion in declining to make the designation because the district court did not intend Sullivan's federal sentence to run concurrent with his state sentence. Under 18 U.S.C. § 3584(a), "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Sullivan's state and federal sentences were imposed at different times, and the district court did not order the sentences to run concurrently. Recently, the district court confirmed that "while the court did state that Mr. Sullivan was to 'receive credit for time served in federal custody,' there was no discussion of his state sentence or the possibility of the state and federal sentence running concurrently." *Sullivan v. United States*, No. 16-cv-61 (D. Utah filed Jan. 26, 2016), Dkt. 6, at 3. In fact, the court explicitly stated that "to the extent that Mr. Sullivan suggests that the

court represented or intended his federal and state sentences to run concurrently, he is mistaken." *Id.* at 2. Significantly, Sullivan asked the district court to recommend that the BOP issue the retroactive designation, and the district court declined to do so. And so the BOP did not abuse its discretion when it declined to grant Sullivan the requested designation. *See, e.g., Page v. Bureau of Prisons*, No. 12-cv-31, 2013 WL 5596799, at *3 (E.D. Wis. Oct. 11, 2013) ("[T]he [BOP's] decision to deny the *Barden* request under § 3621(b) did not appear to be an abuse of discretion, given the state judge's order for consecutive sentences and the absence of any contrary view from [the federal sentencing judge].").

Sullivan thinks that the federal sentencing judge explicitly intended that he receive credit for the time he served at the Weber County Correctional Facility towards his federal sentence. But as discussed, the BOP, not the district court, calculates credit and administers federal sentences. The BOP could not double count the credit, and the BOP declined to retroactively designate the Weber County Correctional Facility because it would not have been consistent with the federal sentencing judge's intentions regarding the consecutive nature of the federal sentence.

Because the BOP did not violate federal law when it computed Sullivan's sentence, I will deny Sullivan's petition.

ORDER

IT IS ORDERED that:

1. Petitioner Jimmy Donald Sullivan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED.

2. The clerk of court is directed to enter judgment and close this case.

Entered April 17, 2017.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge